■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ARRINDELL, Appellant. [998 NYS2d 677]—

Clark, J. Appeal from a judgment of the County Court of Ulster County (McGinty, J.), rendered September 11, 2012, which resentenced defendant following his conviction of the crimes of criminal possession of a controlled substance in the third degree and attempted criminal possession of a weapon in the second degree.

In January 2010, the dispatcher at the Kingston City Police Department received a telephone call from an individual who claimed to be watching a man on the street who had just placed a handgun in his waistband. The unidentified caller stated that the man was black and was wearing a black jacket, blue jeans and white sneakers. Police proceeded to the area and observed defendant, who largely fit that description, getting into a taxi. The taxi was followed and, several minutes later, was pulled over by a marked patrol car. Defendant bolted from the taxi and was pursued by police, who eventually apprehended him and found him to be in possession of a stun gun and a magazine of ammunition for a .45 caliber handgun. A further search of the area disclosed a .45 caliber handgun approximately 15 to 20 yards from where defendant had been taken into custody.

Subsequently, defendant was indicted on various weapons charges as a result of the incident, and sought to suppress the physical evidence recovered. County Court conducted a suppression hearing and denied that application. Thereafter, pursuant to an agreement resolving the weapons charges as well as an unrelated indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and attempted criminal possession of a weapon in the second degree. In March 2011, County Court sentenced defendant, as agreed, to an aggregate prison term of six years to be followed by post-release supervision of five years. After learning that defendant should have been sentenced as a second felony offender, County Court summoned defendant before it for resentencing in September 2012. County Court then denied defendant's motion

to withdraw his guilty plea, found him to be a second felony offender, and resentenced him to a sentence identical to that originally imposed.

Defendant now appeals from the resentencing, solely arguing that County Court's suppression ruling was erroneous. Inasmuch as "defendant never filed a timely notice of appeal from the original judgment of conviction, he may not challenge the propriety of the suppression ruling on his appeal from the resentence[ ]" (*People v Anderson*, 151 AD2d 684, 685 [1989]; *see* CPL 450.30 [3]; *People v Jordan*, 16 NY3d 845, 846 [2011]; *People v Henriquez*, 112 AD3d 1060, 1061 [2013], *lv denied* 23 NY3d 1021 [2014]). Defendant's remedy, if any, lies in filing an application for a writ of error coram nobis (*see People v Syville*, 15 NY3d 391, 399-401 [2010]; *People v Henriquez*, 112 AD3d at 1061 n 3).

McCarthy, J.P., Garry and Lynch, JJ., concur. Ordered that the judgment is affirmed.